IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN STAFFORD, et al.,  :
    Plaintiffs,
                                    Case No. 3:16-cv-125
    v.  :
                                    JUDGE WALTER H. RICE
DONNA WARD, et al.,  :
    Defendants.  :

---

DECISION AND ENTRY SUSTAINING DEFENDANT MERRILL SOLOMON'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c) (DOC. #36); VACATING CLERK'S ENTRY OF DEFAULT (DOC. #32); OVERRULING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DOC. #33); CONFERENCE CALL SET

---

On September 11, 2017, Plaintiffs filed a First Amended Complaint, adding Merrill Solomon as a party defendant. Doc. #21. Solomon refused to waive service. *See* Doc. #28-1, PageID##408-10. He was served on December 17, 2017, meaning that he had until January 8, 2018, to move or plead. Doc. #31. On January 12, 2018, at Plaintiffs' request, the Clerk of Court filed an Entry of Default pursuant to Federal Rule of Civil Procedure 55(a).[1] Doc. #32. Three days later, Plaintiffs filed a Motion for Default Judgment. Doc. #33.

---

[1] The Court notes that this filing is mistakenly entitled "Clerks Entry of Default Judgement."

On January 16, 2018, Defendant Solomon, proceeding *pro se*, filed his Answer to First Amended Complaint. Doc. #34. The following week, counsel entered an appearance on Solomon's behalf and filed a Motion to Vacate Clerk's Entry of Default. Doc. #36.

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause." In this respect, the court "enjoys considerable latitude." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). *See also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (noting that courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

In deciding whether a defendant has established good cause for setting aside an entry of default, the court must consider: (1) whether the default was willful; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Having considered these factors, the Court finds that Solomon has established good cause for setting aside the Entry of Default. Solomon's Answer was filed eight days beyond the deadline, but there is no evidence that the default was willful. An affidavit from Gary Diamond, a Maryland attorney, indicates that, during this time period, he was attempting to find local counsel to represent Mr.

2

Solomon in this matter. Doc. #40-1, PageID##454-56. On January 9, 2018, Diamond asked Plaintiffs' counsel for a few more days to accomplish this task, and told him that Solomon would be filing a *pro se* Answer within two days. *Id.* Plaintiffs' counsel nevertheless proceeded to file an application for entry of default, Doc. #30, followed by a motion for default judgment, Doc. #33. Solomon sent his *pro se* Answer via FedEx to the Clerk of Court. However, because of the holiday weekend, it was not docketed until Tuesday, January 16, 2018. Under these circumstances, there is no reason to believe that Solomon willfully defaulted.

Nor is there any indication that Plaintiffs will suffer any prejudice if the Court sets aside the Entry of Default. As Solomon notes, the case was pending, first in state court and then in federal court, for almost two years before he was added as a defendant, and his Answer was filed just eight days late.[2]

The final factor concerns whether the alleged defense is meritorious. A defense is meritorious if it "creates 'some possibility' of a different outcome." *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003). The question is not "likelihood of success," but rather whether the defense is "good at law." *Id.* Solomon, a resident of Maryland, maintains that this Court lacks personal jurisdiction over him, because he lacks the requisite minimum contacts with the State of Ohio. *See* Doc. #28-1, PageID##408-10. The Court does not currently

---

[2] Moreover, the Court notes that Plaintiffs' Amended Complaint, Doc. #21, was filed three days beyond the September 8, 2017, deadline set in the Amended Scheduling Order, Doc. #20.

3

have enough information to make that determination but, based on the allegations in the First Amended Complaint, the defense is at least plausible. In addition, Solomon has asserted a number of other defenses in his Answer, several of which create "some possibility" of a different outcome.

Given the Court's strong preference for deciding cases on the merits, the circumstances presented here simply do not warrant entry of default judgment against Mr. Solomon. The Court therefore SUSTAINS Defendant Merrill Solomon's Motion to Vacate Clerk's Entry of Default, Doc. #36, and OVERRULES Plaintiffs' Motion for Default Judgment, Doc. #33. The Clerk's Entry of Default, Doc. #32, is VACATED.

On Tuesday, February 20, 2018, at 8:45 a.m., the Court will initiate a conference call to discuss amending the current Scheduling Order, Doc. #20.

Date: February 6, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE