IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN STAFFORD, et al.,

    Plaintiffs,

v.

DONNA WARD, et al.,

    Defendants.

Case No. 3:16-cv-125

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS
DEFENDANT DONNA WARD'S COUNTERCLAIM (DOC. #24);
DISMISSING COUNTERCLAIM WITHOUT PREJUDICE; DEFENDANT
WARD MAY SEEK LEAVE TO AMEND WITHIN 10 DAYS OF THE
DATE OF THIS DECISION AND ENTRY

---

Plaintiffs, John Stafford and U.S. Diamonds and Gold, Inc., d/b/a Stafford Jewelers, allegedly entered into a contract with Defendant Donna Ward, whereby Ward agreed to sell her 4.42 carat diamond ring to Plaintiffs for $130,000.00. When Ward failed to follow through with the transaction, Plaintiffs filed suit against her and her ex-husband, Merrill Solomon, who allegedly also participated in the business proposal and claims an ownership interest in the diamond. The First Amended Complaint asserts several causes of action, seeking declaratory and injunctive relief, as well as damages. Doc. #21.

Defendant Ward has asserted a counterclaim for "Unsolicited Business." Doc. #23. This matter is currently before the Court on Plaintiffs' Motion to

Dismiss Defendant Donna Ward's Counterclaim. Doc. #24. Plaintiffs contend that the facts alleged fail to support a cause of action upon which the Court may grant relief. They seek dismissal under Fed. R. Civ. P. 12(b)(6).

Because Plaintiffs attack Defendant Ward's Counterclaim as pled, Rule 8(a) and 12(b)(6) standards apply. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief...." This Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The relevant question is whether, assuming that the factual allegations are true, the claimant is entitled to legal relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must construe the claim in the light most favorable to the non-moving party, accept all well-pled allegations as true, and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

The Counterclaim will withstand Plaintiffs' Rule 12(b)(6) Motion as long as Defendant Ward alleges "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facial plausibility if its factual allegations allow "the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.*

The relevant portions of Defendant Ward's Counterclaim for "Unsolicited Business" allege as follows:

> 3. Plaintiffs[] allege that Defendant "solicited" business with them regarding the sale of a diamond ring belonging to the Defendant and her ex-husband, Defendant, Merrill Solomon. That allegation is false.
>
> 4. Defendant and her ex-husband . . . placed a 4.42 ct. round diamond . . . as a res of a trust. . .
>
> 5. The institution of the litigation by Plaintiffs prevents a sale of the diamond ring for a fair market value, thereby preventing this Defendant the benefit of any bargain for the sale and a disposition of the ring.
>
> 6. The fair market value of the ring at the time of transfer to the Trust Agreement was $230,000, far in excess of Plaintiffs' alleged attempted purchase of the ring for One Hundred Thirty Thousand Dollars ($130,000).

Doc. #23, PageID#378.

Plaintiffs contend that "Unsolicited Business" is not a recognized cause of action under Ohio tort law. This appears correct. Defendant Ward cites no case supporting the existence of any such cause of action. Neither does she identify what the elements of any such cause of action might be. The Court finds that, even accepting the factual allegations as true, and drawing all reasonable inference in Defendant's favor, the facts alleged do not appear to give rise to *any* cause of action under federal or state law. Although Ward may dispute whether there was

3

a valid contract, and although the pending litigation may well prevent Defendants from selling the diamond to a third party, Ward has failed to state a claim to relief that is plausible on its face.

The Court notes that Defendant Ward, in her Memorandum in Opposition to the Motion to Dismiss, states that she plans to seek leave to amend her Counterclaim to restate it "in a more appropriate fashion." Doc. #25, PageID#393. Three months have passed since that filing, however, and Defendant has not yet sought leave to amend. Plaintiffs argue that any motion for leave to amend would lack merit. The Court tends to agree, but nevertheless will give Defendant the opportunity to file a motion seeking leave to amend.

For the reasons set forth above, the Court SUSTAINS Plaintiffs' Motion to Dismiss Defendant Donna Ward's Counterclaim, Doc. #24. The Counterclaim is DISMISSED WITHOUT PREJUDICE to Defendant filing a motion for leave to amend the Counterclaim. Any such motion must be filed within ten (10) days of the date of this Decision and Entry.

February 12, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE